# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES E. JASINSKI,** | : | Case No. 07-21901-JAD |
| | : | |
| Debtor. | : | Chapter 13 |
| ——————————————— X | | |
| | : | |
| **JAMES E. JASINSKI,** | : | Related to Doc. Nos. 99, 100, |
| | : | 101, 102, 103, 104, 105, |
| Movant, | : | and 106. |
| | : | |
| - vs - | : | |
| | : | |
| **MONONGALIA GENERAL HOSPITAL,** | : | |
| **RECOVERY MANAGEMENT SYSTEMS** | : | |
| **CORP., ROUNDUP FUNDING, LLC,** | : | |
| **FIA CARD SERVICES, N.A., and** | : | |
| **LVNV FUNDING, LLC,** | : | |
| | : | |
| Respondents. | : | |
| ——————————————— X | | |

## MEMORANDUM OPINION

The matter before the Court is the Debtor's objections to eight proofs of claim. The Court has consolidated the objections for purposes of this Memorandum Opinion. The Court has consolidated these proceedings because the facts are undisputed and each of the objections raise a common question of law. That question is: whether a claimant who has timely filed a proof of claim in a chapter 7 bankruptcy case is required to file another proof of claim when the case is subsequently converted to a chapter 13 case? The Debtor would like the answer of this question to be "yes, creditors are required to file another claim," because none of the creditors at issue did so. The Court, however, concludes that

00003361.WPD

creditors are not required to file another layer of claims under the facts of this case.

I.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and this Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).

II.

The Debtor, James E. Jasinski, filed a voluntary petition under chapter 7 of the Bankruptcy Code on March 27, 2007. In papers filed with this Court, the Debtor listed several undisputed debts on his Schedule F. Among these debts were unsecured debts owed to: GE Money Bank d/b/a JC Penney Credit Services,[1] Monongalia General Hospital, Roundup Funding, LLC, FIA Card Services, and LVNV Funding, LLC. Timely proofs of claim in the Chapter 7 case were filed by each creditor in interest.

On February 15, 2008 an order *Granting Motion to Convert Case from Chapter 7 to Chapter 13* was entered. On March 4, 2008 the Clerk's office mailed a *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* (the "*Chapter 13 Notice*") to all creditors indicating June 30, 2008 as the deadline for filing all proofs of claim.

No claimants re-filed a proof of claim in the chapter 13 case. On January 5, 2009 the Debtor filed his *Objection to Claims*, alleging that all claims should be

---

[1] Claim #2 was filed by Recovery Management Systems Corp. for GE Money Bank d/b/a JC Penney Credit Services.

disallowed as new proofs of claim were not filed prior to the deadline set forth in the *Chapter 13 Notice.* Only Roundup Funding, LLC (on behalf of Bank of America) holding claims # 6 and #10, and Recovery Management Systems Corporation (on behalf of GE Money Bank d/b/a JC Penney Credit Services) holding claim #2 responded to the Debtor's objections.

The Debtor asserts in his *Objection to Claims* that because no proofs of claim were filed in the converted chapter 13 case, the original claims filed in the chapter 7 case should be disallowed. The two responding claimants insist that following the conversion up from chapter 7 no requirement exists requiring them to re-file their proofs of claim in the chapter 13 case; these creditors also assert that disallowing the timely filed chapter 7 claims would be inequitable and would be tantamount to providing the Debtor with an undeserved windfall.

### III.

The Federal Rules of Bankruptcy Procedure do not explicitly state whether claims must be re-filed when a case is converted from chapter 7 to chapter 13. The Debtor insists that creditors who, "timely filed proofs of claim in the prior chapter 7 are required to file new proofs of claim in the chapter 13 case." Conversely, the responding claimants assert it would be, "inequitable to disallow," the claims as the Debtor has already recognized their validity by scheduling them in his Schedules of Assets and Liabilities.

In support for the *Objection to Claims*, the Debtor cites In re Dorothy D. Sorge, 149 B.R. 197 (Bankr. W.D. Okla. 1993). In Sorge the Debtor converted

from a chapter 11 to a chapter 13 filing and confirmed a plan that allowed for payments to the IRS on account of an allowed claim of the creditor. Id., 149 B.R. at 199. However, the payments were not made by the debtor and upon completion of the plan the debtor received a discharge which the IRS challenged. Id. at 200. The court held pre-petition tax debts in that case were dischargeable after completion by the debtors of all payments under the plan because no proof of claim was filed by the taxing authority. Id. at 203. In its opinion, the Court stated, "The fact that a proof of claim was timely filed in the Chapter 11 case prior to conversion avails a creditor nothing in the Chapter 13 Case after conversion." Id. at 201. The Court reasoned that because the requirement for filing a proof of claim was set out in notices issued by the court, the creditors in Sorge should have filed their proof of claim prior to the bar date. Id. at 201.

Both responding claimants cite to In re Adams, 76 B.R. 908 (Bankr. D. Conn. 1987) as persuasive authority for this Court to deny the *Objection to Claims.* In Adams a creditor who filed a proof of claim in a chapter 11 case did not re-file its claim after the debtor converted the case to chapter 13. In re Adams, 76 B.R. at 909. Upon hearing the objection to the claims by the chapter 13 trustee, the Adams Court held that claimants who filed pre-conversion proofs of claim did not need to re-file them after the case was converted to chapter 13. Id. at 909. The court noted that chapter 13 treatment of claims timely filed in the pre-converted

chapter 11 case was omitted in Bankruptcy Rule 1019.[2] For guidance as to how such claims should be treated in the chapter 13 context under the Bankruptcy Code, the court therefore looked to former Bankruptcy Rule 13-302(f) (1973), which provided that in cases converted from chapter 7 to chapter 13 "all claims filed in the superseded bankruptcy case shall be deemed filed in the Chapter XIII case . . . ." Id. The Court reasoned that following the adoption of the Bankruptcy Code in 1978, the failure to include this section in the Bankruptcy Rules, "is most likely the result of inadvertence." Id.

While neither the Sorge case nor the Adams case constitutes binding precedent, this Court finds the Adams opinion to be more persuasive and more consistent with the purpose of the Bankruptcy Rules.

The Bankruptcy Rules were written to encourage the efficient processing of cases. Fed.R.Bankr.P. 1001 states that the "rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001.

Consistent with this purpose, Bankruptcy Rule 1019(3) does not require re-filing of claims when a case is converted from any chapter of the Bankruptcy Code to chapter 7. See Fed.R.Bankr.P. 1019(3). It is also true that no rule exists regarding proof of claim filing procedures when a case is converted up from

---

[2] The Bankruptcy Rules state that "All claims actually filed by a creditor before conversion of the case are deemed filed in the chapter 7 case." See Fed.R.Bankr.P. 1019(3).

chapter 7 to chapter 13 when creditors have already filed claims. The Bankruptcy Rules are simply silent in this regard.

Under these circumstances, should the Court read an additional filing requirement into the Bankruptcy Rules? This Court declines to do so because requiring the filing of an additional claim by creditors who already timely filed claims is nothing but redundancy and runs afoul of the general purpose of the Bankruptcy Rules, that is the "just, speedy, and inexpensive determination of every case and proceeding." Fed.R.Bankr.P. 1001. See Collier on Bankruptcy at ¶1019.05 (15th ed. rev. 2005).

In reaching this decision, the Court is mindful of the fact that the routine practice in this District is to not disallow claims that are actually timely filed by the creditor prior to conversion. The Court is also mindful that granting the Debtor's *Objection to Claims* would effectively allow the Debtor to avoid eight previously filed claims which the Debtor has acknowledged as "undisputed" in Schedule F. Under these circumstances, disallowing the claims that were actually filed would constitute an inequitable reading of both the Bankruptcy Code and accompanying Bankruptcy Rules, and would result in an unfair "windfall" for the Debtor.[3]

---

[3] This Memorandum Opinion does not address whether claims allowed in a chapter 11 case merely by virtue of the fact that they were scheduled as being non-contingent, liquidated, and undisputed in the debtor's bankruptcy schedules are deemed allowed subsequent to conversion of the case to chapter 13. That issue is left for another day. Rather, this Memorandum Opinion addresses only the issue of whether claims that were actually timely

(continued...)

IV.

In reaching its decision, the Court also recognizes that only two of the claimants have opposed the *Objection to Claims*. Because the remaining claimants have not responded to the objection, the Debtor asks that the Court enter a default judgment against them- even though the Court has found that the *Objection to Claims* lacks merit.

Case law provides that a defendant's failure to respond does not automatically entitle a litigant to the entry of a default judgment. See In re Redmond, 399 B.R. 628, 632 (Bankr. N.D. Ind. 2008); see also Cohen v. Kallok (In re JRA 222), 365 B.R. 508, 513 (Bankr. E.D. Pa. 2007). The Court's entry of a judgment by default is therefore discretionary. Redmond, 399 B.R. at 632 (citing Sun v. Board of Trustees of U. IL., 473 F.3d 799, 809 (7th Cir.), cert. denied, __ U.S. __, 127 S.Ct. 2941, 168 L.Ed. 2d 262 (2007)). Indeed, a request for entry of default judgment may be denied when the facts of the complaint or contested matter are insufficient to support the claim for relief. Id.; see also In re Taylor, 289 B.R. 379, 382 (Bankr. N.D. Ind. 2003) and In re Park, 272 B.R. 323, 329 (Bankr. D.N.J. 2001).

In this case, the Court will deny the Debtor's request for a default judgment because the Debtor's *Objection to Claims* is without merit on its face. The Court's decision to deny the request for default judgment is further appropriate because

---

[3](...continued)
filed by creditors in a chapter 7 are also deemed timely filed in the case when it is converted to a chapter 13.

00003361.WPD                                    -7-

(a) the Debtor has not suffered any cognizable prejudice because he has generally acknowledged the creditors' claims in his schedules[4] and because such creditors already timely filed their claims when the case was in chapter 7; (b) there is no dispute as to the material facts of this case because the underlying basis of the *Objection to Claims* rested solely on a question of law; and (c) default judgments are generally disfavored in the law.

*[Remainder of the Page Intentionally Left Blank]*

---

[4] There may be some deviation between the amount of the claims scheduled versus the amount of the claims as filed. It is this Court's view that such deviation(s) are not material to this case. In some instances, the scheduled amounts even exceeded the amounts claimed by the creditors in their respective proofs of claim.

V.

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052. For the reasons set forth above, the Court shall enter an order which overrules the *Objection to Claims*.


Date: June 5, 2009	/s/ Jeffery A. Deller  
	Jeffery A. Deller  
	United States Bankruptcy Judge


cc:	Gary Short, Esq., counsel to the Debtor  
	Patricia Nixon, Esq., counsel to Roundup Funding, LLC  
	Richard Stern, Esq., counsel to Recovery Management Systems Corporation  
	Ronda Winnecour, Esq., Chapter 13 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES E. JASINSKI,** | : | Case No. 07-21901-JAD |
| | : | |
| Debtor. | : | Chapter 13 |
| _____ X | : | |
| | : | |
| **JAMES E. JASINSKI,** | : | Related to Doc. Nos. 99, 100, |
| | : | 101, 102, 103, 104, 105, |
| Movant, | : | and 106. |
| | : | |
| - vs - | : | |
| | : | |
| **MONONGALIA GENERAL HOSPITAL,** | : | |
| **RECOVERY MANAGEMENT SYSTEMS** | : | |
| **CORP., ROUNDUP FUNDING, LLC,** | : | |
| **FIA CARD SERVICES, N.A., and** | : | |
| **LVNV FUNDING, LLC,** | : | |
| | : | |
| Respondents. | : | |
| _____ X | | |

## ORDER DENYING OBJECTIONS TO CLAIMS

AND NOW, this 5th day of June, 2009, for the reasons expressed in the Court's Memorandum Opinion issued contemporaneously herewith, the Court hereby ORDERS, ADJUDGES and DECREES that the Debtor's *Objection(s) to Claims* is OVERRULED and said claims filed at claim nos. 2-1, 5-1, 6-1, 10-1, 12-1, 13-1, 14-1, and 15-1 are hereby ALLOWED.

Date: June 4, 2009      /s/ Jeffery A. Deller
                        Jeffery A. Deller
                        United States Bankruptcy Judge

cc:   Gary Short, Esq., counsel to the Debtor
      Patricia Nixon, Esq., counsel to Roundup Funding, LLC
      Richard Stern, Esq., counsel to Recovery Management Systems Corporation
      Ronda Winnecour, Esq., Chapter 13 Trustee

00003361.WPD